UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Curtis Leach

   v.                                                                Civil No. 17-cv-388-PB

Santander Consumer USA, Inc.

## REPORT AND RECOMMENDATION

Plaintiff Curtis Leach has filed a Complaint (Doc. No. 1) that is before this court for preliminary review, pursuant to LR 4.3(d) and 28 U.S.C. § 1915(e)(2).

## Preliminary Review Standard

The magistrate judge conducts a preliminary review of pleadings like Leach's, which are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim

to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

**Background**

Construed liberally, Leach's complaint alleges that Santander Consumer USA, Inc. reported inaccurate information relating to a car loan to Equifax, Experian, and Transunion, three credit reporting agencies ("CRAs"). Leach alleges that inaccurate information from Santander included in credit reports from those CRAs caused a number of lenders to deny him credit from November 2015 to March 2016, causing him harm.

Leach obtained credit reports from Equifax, Experian, and Transunion in January 2017 and identified a number of inaccuracies in the information Santander had furnished. Leach seeks damages for Santander's willful or negligent failure to follow reasonable procedures in reporting his credit history to those CRAs, under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2.

**Discussion**

The FCRA creates a private cause of action that enables consumers to sue both CRAs and those who furnish information to those CRAs, for willful, intentional, or negligent non-

compliance with the requirements of the statute.  See Chiang v. Verizon New England, Inc., 595 F.3d 26, 34-36 (1st Cir. 2010). While furnishers are prohibited by the FRCA from providing inaccurate information to a CRA, see 15 U.S.C. § 1681s-2(a); Chiang, 595 F.3d at 35, the reporting of inaccurate information alone does not give rise to civil liability in a private action. See Chiang, 595 F.3d at 36 (citing 15 U.S.C. § 1681s-2(c)(1)). If, however, a furnisher fails to comply with its obligation, under 15 U.S.C. § 1681s-2(b)(1), to investigate disputes as to which it has received notice from a CRA under 15 U.S.C. § 1681i(a)(2), and to correct any inaccuracies found as a result of that investigation, the furnisher may then be subject to private suit by a consumer.  See Chiang, 595 F.3d at 36.  "A notice of disputed information provided directly by the consumer to a furnisher does not trigger a furnisher's duties under § 1681s-2(b)."  Chiang, 595 F.3d at 35 n.8.

Here, Leach's allegation that Santander furnished inaccurate information to the CRAs, standing alone, does not give rise to a private right of action under the FCRA.  Leach does not allege that he contacted Experian, Equifax, or Transunion to dispute the accuracy of Santander's information, in a manner that would have triggered the CRAs' duty to report nonfrivolous disputes to Santander under 15 U.S.C.

3

§ 1681i(a)(2).  Nothing in the record suggests that Santander breached its duty to investigate disputes as to which it received notice from a CRA, pursuant to 15 U.S.C. § 1681s-2(b)(1).  Accordingly, Leach has failed to state sufficient facts to support a claim upon which relief can be granted.

## Conclusion

For the foregoing reasons, the district judge should dismiss this case pursuant to 28 U.S.C. § 1915(e)(2), without prejudice to refiling if Leach asserts new facts sufficient to state a claim upon which relief can be granted.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 31, 2017

cc:  Curtis Leach, pro se